752 So.2d 369 (2000)
In the Matter of NATURAL RESOURCES RECOVERY, INC., Type III Construction and Demolition Debris/Woodwaste Landfill and Resource Recovery and Separation Facility Permit.
No. 98 CA 2917.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*370 R. Katherine Long, Barry Brooks, Baton Rouge, for Appellee Plaintiff Louisiana Department of Environment Quality.
Elizabeth Teel, New Orleans, for Appellants Louisiana Environmental Action Network, North Baton Rouge Environmental Association and, Steering Committee to Stop Natural Resources Recovery, Inc.
Frank S. Craig, III, Andrew Harrison, Jr., John Barton, Baton Rouge, for Appellee Defendant Natural Resources Recovery, Inc.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, J.
This appeal challenges the trial court's dismissal of a petition for judicial review of a permit action taken by the Department of Environmental Quality (DEQ) pursuant to an exception of prescription. At issue in this appeal is whether persons who submit comments in a DEQ permit application process are entitled to legal notice of a final permit action, and whether such notice is necessary to commence the 30-day appeal delay during which an "aggrieved person" may judicially challenge a final DEQ permit decision. The trial court held that the date on which the permit applicant was notified of the DEQ decision started the running of the 30-day appeal delay. We reverse.

DISCUSSION
Appellants, the Louisiana Environmental Action Network, the North Baton Rouge Environmental Association and the Steering Committee to Stop Natural Resources Recovery, Inc., filed this appeal contesting the dismissal of their petition for judicial review that challenged the issuance *371 of a permit to construct and operate a landfill.
The facts forming the basis for this appeal are not disputed. On November 3, 1995, Natural Resources Recovery, Inc. (NRRI) filed an application with DEQ's Solid Waste Division requesting a Standard Type III Construction and Demolition Debris/Woodwaste Landfill, Resource Recovery, Recycling and Separation Facility. The proposed landfill was to be located in a heavily industrialized area near Alsen in East Baton Rouge Parish. DEQ held a public comment period and a public hearing on the proposed application. Appellants' members testified during the public hearing, opposing the permit application. They also submitted written comments to DEQ alleging numerous inadequacies with the NRRI permit application.
On December 10, 1997, DEQ issued NRRI a permit to construct and operate the landfill. DEQ ordered NRRI to publish notice of the issuance of the permit in the official journal of the state and official journal of the parish where the facility is located no later than 10 days following the issuance of the permit. It is undisputed that NRRI published a notice of the issuance of the permit in the Baton Rouge Morning Advocate on December 19, 1997.
Appellants filed a petition seeking judicial review of DEQ's permit action, asserting that the issuance of the solid waste permit to construct and operate the facility threatened the health, safety and welfare of their members. The record indicates a fax copy was filed with the 19th Judicial District Court on January 20, 1998. The original petition was filed on January 23, 1998.
In the petition, appellants raised 27 assignments of error, contending in the bulk of those allegations that DEQ violated its duty as trustee of the environment in issuing the permit. Appellants also contended DEQ violated their procedural due process rights because it failed to notify them that it was accepting and considering comments after the close of the public comment period. Additionally, they asserted the decision was arbitrary and capricious, violated various statutory and regulatory provisions, and violated the equal protection clauses of the state and federal constitutions because of the disproportionate impact the facility would have on black persons.
In the petition, appellants asked only that the trial court grant a stay of the effectiveness of the solid waste permit issuance pending resolution of the appeal. The trial judge denied the request for a stay.
NRRI intervened in the action and filed a motion to dismiss the appeal as untimely. Under La. R.S. 30:2050.21, an "aggrieved person" is given the right to appeal a final permit action to the 19th Judicial District Court. The petition for judicial review of the DEQ action must be filed "within thirty days after notice of the action or ruling being appealed has been given." NRRI argued that the determinative date for commencing the 30-day appeal delay was the date on which it received notice of the issuance of the permit. The permit was issued on December 10, 1997; NRRI claimed it was hand-delivered on that date. Thus, according to NRRI, appellants' right to appeal the permit decision prescribed on January 9, 1998, 30 days after the issuance of the permit to NRRI, making this petition, filed on January 20, 1998, untimely.
In response to the exception, appellants admitted in a memorandum they learned of NRRI's waste permit approval when notice of the DEQ action was published in the Baton Rouge Morning Advocate on December 19, 1997. Appellants contended, however, that DEQ was statutorily obligated under La. R.S. 30:2050.23 to provide them with notice of the permit decision by mail. As DEQ failed to notify them by mail of the permit action, appellants insisted, the prescriptive period did not begin to run and the suit was timely.
The trial judge granted the exception of prescription. Considering the evidence on *372 the motion, the judge ruled that the Tulane Law Clinic, which represented appellants, had notice of the issuance of the permit by DEQ through the legal publication on December 19th, 1997, and apparently believed if this were the controlling date to commence the prescriptive period, the action would have been timely filed. However, the judge concluded the action was not timely filed, stating that appellants failed to take action within 30 days of the issuance of the permit to NRRI. This appeal followed.[1]

MOOTNESS
On May 7, 1999, NRRI filed a motion to dismiss the appeal, asserting that the issues raised herein are moot due to the substantial completion of the landfill and its continued operation of the landfill facility for over one year. The motion reflects that DEQ issued an order authorizing operation of the facility on June 10, 1998, and NRRI commenced operations that month.
NRRI submits the only controversy in this proceeding, the construction and operation of the facility, is moot. Consequently, it asserts, no further justiciable controversy exists and no request for relief is pending related to the underlying appeal. NRRI also submitted that the petition is moot because appellants asked only for a stay in the trial court, which was denied, and which was never appealed by them.
Appellants contend their petition challenged not only the construction, but also the operation of the permitted facility, pointing to nine allegations of error it claims raise issues regarding operational activities at the facility. In the petition, appellants alleged that DEQ failed to adequately consider alternative projects, sites and mitigating measures which would offer more protection to the environment than the proposed landfill site. In three other relied upon assignments of error, appellants claimed that DEQ failed to consider mitigating measures that would protect the environment, including buffer zones to protect the residences around the facility. Appellants also asserted that DEQ violated its duty as the trustee of the environment by failing to establish an absolute prohibition on the expansion of the permitted service area and by failing to consider adverse effects on the water quality. Finally, the relied upon assignments of error charge that DEQ violated various regulatory and statutory provisions by: (1) "failing to impose mandatory waste reduction requirements in the permit approval," (2) "fail[ing] to ensure an accurate method for determining quantity, sources, and types of incoming wastes and a means to control entry of unacceptable wastes" and (3) because the operational plans "fail to specify how the wastes will be managed during all phases of the processing or disposal operations."
A moot case is one that seeks a judgment or decree which, if rendered, can give no practical relief. City of New Orleans, Department of Public Safety and Permits v. Board of Commissioners of Orleans Levee District, 96-0535, p. 3 (La. App. 4 Cir. 9/26/96), 694 So.2d 975, 977, writ denied, 96-2820 (La.1/6/97), 685 So.2d 116. A moot question connotes an issue that has been deprived of practical significance or made abstract or purely academic. Perschall v. State, 96-0322, p. 17 (La.7/1/97), 697 So.2d 240, 253. If the case is moot, there is no subject matter upon which the judgment of the court can operate. Perschall v. State, 96-0322 at p. 18, 697 So.2d at 253.
When an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending the appeal, the appeal will be dismissed as moot. City of New Orleans, *373 Department of Public Safety and Permits, 96-0535 at p. 3, 694 So.2d at 977. The doctrine of mootness is a recognition that judicial rulings that seek to prohibit certain activities should be susceptible of implementation. When the occurrence has happened, the ruling cannot "reach back in time" and right the wrong done. Id. at pp. 3-4, 694 So.2d 975.
We agree that all of the challenges relating to that aspect of the permit decision authorizing NRRI to construct the facility are moot due to the substantial completion of the facility. Injunctive relief is no longer available to appellants, as a court cannot enjoin a fait accompli. See Bristol Steel and Iron Works, Inc. v. Department of Transportation and Development, 507 So.2d 1233, 1235 (La.1987). However, as appellants correctly note, the permit also authorized the operation of the facility, and appellants' appeal questioned DEQ's authority to allow the constructed facility to operate. As the operation of the permitted facility is ongoing, and the petition seeks judicial review of the permit authorizing that facility to operate, we find this appeal is not moot. Accordingly, we deny the motion to dismiss the appeal.

PRESCRIPTION
Pursuant to La. R.S. 30:2050.21, an "aggrieved person" has a right to appeal a final DEQ permit decision to the 19th Judicial District Court, provided the petition for judicial review is filed "within thirty days after notice of the action or ruling being appealed has been given." It is undisputed that appellants are "aggrieved persons" who are authorized by La. R.S. 30:2050.21 to challenge the DEQ permit decision. It is also undisputed that appellants participated in the permit application process, submitting written comments to DEQ during the comment period which alleged numerous inadequacies with the NRRI permit application. Appellants' representatives also testified during the public hearing, opposing the permit application.
La. R.S. 30:2050.21 gives an aggrieved person 30 days to appeal a final DEQ permit decision. The 30-day appeal delay begins to run "after notice of the action or ruling being appealed has been given ." The parties to this appeal dispute the meaning of this phrase. Appellees argue that notice accomplished under La. R.S. 30:2024 commences the running of the prescriptive period. Appellants, on the other hand, argue that notice accomplished pursuant to La. R.S. 30:2050.23 starts the running of the 30-day appeal delay.
Prior to its revision in 1995, La. R.S. 30:2024 gave "any person aggrieved" by a final decision or order of DEQ a right to appeal directly to this court, provided a motion for an appeal was filed with DEQ within thirty days after the final decision or order was served upon "the respondent." By La. Acts No. 967, the legislature rewrote La. R.S. 30:2024 and also added new provisions pertaining to judicial review. La. R.S. 30:2024 now states:
A. Any permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and not subject to further review unless, no later than thirty days after the notice of the action is served by certified mail or by hand upon the applicant, he files with the secretary a request for hearing.
If the permit applicant does file a request for a hearing with DEQ, and DEQ grants the request, La. R.S. 30:2024 mandates that DEQ resolve the issues raised therein by an adjudicatory hearing. If DEQ denies the request for a hearing, the permit applicant is entitled to file an appeal for a de novo review of the DEQ action in the 19th Judicial District Court.
La. R.S. 30:2050.21 and La. R.S. 30:2050.23, found under a different section of the environmental law entitled "Enforcement Procedure and Judicial Review," were added by the legislature in 1995. La. R.S. 30:2050.23 is entitled "Notice," and provides, in pertinent part:

*374 A. (1) Notice to an applicant for a permit, a respondent, a petitioner for a declaratory ruling, or a party to an adjudicatory hearing shall be given by certified mail return receipt requested.
(2) Notice to other persons shall be given by ordinary mail.
(3) In all cases, notice may be given by delivery.
B. When a party is represented by an attorney or has appointed an agent for service of process, notice may be given to the attorney or the agent.
C. (1) Notice to an applicant for a permit, a respondent who is a party, an intervenor, a petitioner for a declaratory ruling, or a person who submits a written comment shall be given at the address in the application, the request for a hearing, the request for an intervention, the petition, or the comment.
NRRI and DEQ argue, and the trial court found, the date on which the permit was issued to NRRI was determinative in resolving the issue. In support of this conclusion, DEQ and NRRI contend La. R.S. 30:2050.21's phrase "within thirty days after notice of the action or ruling being appealed has been given" should be interpreted in light of La. R.S. 30:2024. Appellees urge these two provisions must be read in reference to each other, as both deal with the same subject matterthat is, the right to obtain judicial review of DEQissued permits. In both provisions, commencement of the time to challenge the permit action is triggered by "notice of the action." "Notice of the action," DEQ posits, is fixed solely by the "primary statute," La. R.S. 30:2024. Appellees argue that La. R.S. 30:2024, which governs the finality of a permit, renders DEQ permits final and not subject to further review on the date of notice to the permit applicant, unless the applicant seeks an adjudicatory hearing. They insist the appeal delays provided for in La. R.S. 30:2024 and La. R.S. 30:2050.21 commence and run concurrently, rendering permits final and not subject to further review unless review is timely sought.
Pursuant to this line of reasoning, appellees submit that as NRRI did not request a hearing, pursuant to La. R.S. 30:2024, the permit action was final on December 10, 1997 and not subject to further review after January 9, 1998. Appellants had a right, it is submitted, to appeal the DEQ action only during this 30-day period. DEQ also asks that we give deference to its interpretation of the statutory provisions.
We disagree with this argument, and we find the trial court committed legal error in finding that the appeal delay provided for in La. R.S. 30:2050.21 began to run on the date NRRI was notified of the issuance of the permit. La. R.S. 30:2024 makes permit actions "final" and not subject to further review unless the permit applicant files a request for a hearing with DEQ within 30 days after notice of the action is served on the permit applicant. Obviously, this provision pertains exclusively to the permit applicant. Although the provision may determine which DEQ actions are "final" and thus "appealable," it has no bearing on the commencement of the appeal delays afforded to an aggrieved person under La. R.S. 30:2050.21, which is clearly triggered upon "notice of the action having been given."
Appellants contend La. R.S. 30:2050.21 contemplates that the aggrieved person be given notice of the DEQ action. Appellants argue that as they submitted comments during the permitting process, La. R .S. 30:2050.23 mandates they be given notice by mail. Appellants point to the use of the word "shall" in the notice provision, arguing that it was mandatory they be notified by mail to commence the 30-day appeal delay.
Appellees counter that La. R.S. 30:2050.23 is nothing more than a provision setting forth the method of giving notice where DEQ is required to give notice by statute or regulation. There is no regulation *375 or statute, they urge, requiring DEQ to give notice in this circumstance. Furthermore, they point to a number of statutes that obligate DEQ to notify persons. Had the legislature intended to require DEQ to notify "aggrieved persons" of its final decisions, appellees argue, it would have clearly stated so.
We agree with appellants' interpretation of the pertinent statutes. La. R.S. 30:2050.23 uses the mandatory phrase "shall be given" throughout. It requires that notice to a person submitting written comments "shall be given" at the address listed in the comment. Only six persons are specifically mentioned in the notice provision, including: (1) an applicant for a permit; (2) a respondent who is a party; (3) an intervenor; (4) a petitioner for a declaratory ruling; (5) a party to an adjudicatory hearing and (6) a person who submits a written comment. This listing includes those persons who are actively participating in proceedings held before DEQ. Paragraph A of La. R.S. 30:2050.23 requires that notice to parties (applicants, respondents, petitioners for a declaratory ruling and parties to an adjudicatory hearing) be given by certified mail return receipt requested. Paragraph B requires that notice to other persons be given by ordinary mail. "Other persons" listed in the statute include intervenors and persons submitting written comments.
Construing La. R.S. 30:2050.21 and La. R.S. 30:2050.23 together, we conclude DEQ is statutorily required to notify those persons specifically listed in La. R.S. 30:2050.23 of its decisions and that notice accomplished in accordance with that provision constitutes "notice of the action" necessary to commence the running of the 30-day appeal delay in La. R.S. 30:2050.21. Although appellants' memorandum indicates they were aware of the action from the December 19, 1997 newspaper publication, such was insufficient to commence the appeal delay. Actual knowledge, absent compliance with mailing or service requirements when notice is required, is not sufficient to cause an appeal delay to commence. Jackson v. Slidell Nissan, 96-1017, p. 5 n. 3 (La.App. 1 Cir. 5/9/97), 693 So.2d 1257, 1260. Because appellants were not notified by mail of the DEQ decision as required by La. R.S. 30:2050.23, the appeal delay provided for in La. R.S. 30:2050.21 did not commence, and this action, filed on January 20, 1998, was timely. Therefore, we conclude the judge erred in granting the exception of prescription.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The case is remanded to the trial court to conduct proceedings not inconsistent with this opinion. All costs of this appeal, in the amount of $1,552.89 are assessed one-half to DEQ and one-half to NRRI.
REVERSED AND REMANDED.
NOTES
[1] This court initially ordered the parties to show cause why the appeal to this court should not be dismissed as untimely. That order was later recalled and the appeal was maintained as timely filed. In re Natural Resources Recovery, Inc., 98-2917 (La.App. 1 Cir. 8/2/99).