L.FOGG, J.
This appeal challenges a judgment of the district court dismissing an appeal of an action of the Louisiana Department of Environmental Quality (DEQ) as untimely pursuant to LSA-R.S. 30:2050.21(A). For the following reasons, we reverse and remand.
Carlo Ditta, Inc. applied to DEQ for a small source air permit for its cement batch plant located in New Orleans, Louisiana. Subsequently, by letter dated April 7, 1998, A to Z Paper Company, Inc., TriRo-Pa Mills Agency, Inc., Doussan Properties, L.L.C., Tri-Gas, Inc., and John Kane (hereinafter collectively referred to as “appellants”) opposed the granting of the permit and requested a public hearing on the pending permit application. DEQ conducted no hearings concerning the permit application and granted the permit on May 19, 1998. On May 26, 1998, notice of the granting of the permit was served by certified mail on the permit applicant, Carlo Ditta, pursuant to LSA-R.S. 30:2024(A).
By letter to DEQ dated June 10, 1998, the appellants attempted to appeal the issuance of the permit and again requested a hearing. By letter dated July 7, 1998, DEQ denied the request stating that “[t]he remedy available to anyone aggrieved by a final permit action is the right to judicial review pursuant to the provisions of La. R.S. 30:2050.21.”
On July 31, 1998, pursuant to LSA-R.S. 30:2050.21, the appellants filed a petition in the Nineteenth Judicial District Court seeking judicial review of the issuance of the permit. On October 9, 1998, DEQ filed an exception of prescription, contending the petition was filed more than thirty days after notice of the action and, therefore, was untimely pursuant to LSA-R.S. 30:2050.21. The district judge sustained the exception and this appeal followed.
13At issue on appeal is the length of time statutorily provided to “aggrieved persons” to appeal a decision of DEQ. This court recently addressed this issue in the case of In re Natural Resources Recovery, Inc., 98-2917 (La.App. 1 Cir. 2/18/00), 752 So.2d 369, writs denied, 2000-0806, 2000-0836 (La.5/26/00), 762 So.2d 1104, 1105. Therein, we determined that LSA-R.S. 30:2024, which makes permit actions final and not subject to further review unless the permit applicant files a request for a hearing with DEQ within thirty days after notice of the action is served on the permit applicant, pertains exclusively to the permit applicant. We held that LSA-R.S. 30:2024 has no bearing on the commencement of the appeal delays afforded to the “aggrieved person” under LSA-R.S. 30:2050.21, which is triggered by “notice of the action having been given.” Id. at 374.
DEQ contends that the Natural Resources Recovery case is not controlling as it involved a landfill requiring a major source permit, whereas the present case involves a minor source permit. DEQ did not refer this court to any statutory exception to the notice requirement of LSA-R.S. 30:2050.21 for minor source permits, and we have found none. Furthermore, we note that it is well established that an administrative agency must act in conformity with its statutory authority, which it cannot exceed; regulations that exceed the statutory authority must fall. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); Barney’s Family Market, Inc. v. Avoyelles Parish Police Jury, 452 So.2d 822 (La.App. 3 Cir.1984). Therefore, dis *447 tinctions made for major and minor source permits by DEQ in its regulations do not impact the notice requirement of LSA-R.S. 30:2050.21. Because there is no statutory exception to the notice requirements of LSA-R.S. 30:2050.21, the holding in the Natural Resources Recovery case 14applies to the instant case.
Herein, it is undisputed that the appellants are “aggrieved persons” within the meaning of LSA-R.S. 30:2050.21 and, therefore, are authorized to challenge the DEQ decision. Furthermore, the record reflects that they submitted a written comment to DEQ with respect to the permit application. See LSA-R.S. 30:2050.23. However, the appellants received no notice of the permit action as required by LSA-R.S. 30:2050.23. Hence, the thirty-day time period provided by LSA-R.S. 30:2050.21 did not commence, and the petition filed on July 31,1998 was timely.
For the foregoing reasons, the judgment of the district court is reversed and this case is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal in the sum of $1,068.20 are assessed to DEQ.
REVERSED AND REMANDED.