In re Wilson, Christopher; — Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of Tangipahoa, 21st Judicial District Court Div. F, No. 2006-002351; to the Court of Appeal, First Circuit No. 2008 CW 1367.
 

 | jWrit application denied.
 

 JOHNSON, J., would grant, and assigns reasons.
 

 JOHNSON, J.,
 

 would grant defendant’s writ application and assigns reasons.
 

 11 Defendant was charged in the Mayor’s Court for the City of Ponchatoula with the following offenses: violation of La. R.S. 40:966(C) (possession of marijuana), and violation of La. R.S. 14:108 (resisting an officer). A trial was conducted on October 8, 2002, by a Magistrate, where defendant was found guilty and sentenced to serve six months in the Tangipahoa Parish jail. The magistrate was oblivious to the fact that he had no authority to try a state misdemeanor offense, or to pronounce sentences in excess of sixty (60) days in the parish jail.
 

 A court’s power to grant any relief at all is contingent upon the court’s subject matter jurisdiction over the case or controversy before it, and any conviction in a court lacking subject matter jurisdiction is null and void.
 
 State v. Neisler,
 
 633 So.2d 1224 (La.1994). Subject matter jurisdiction cannot be waived or conferred by the consent of the parties. La.C.C.P. art. 925;
 
 Amin v. Bakhaty,
 
 00-2710 (La.App. 1 Cir. 5/11/01), 812 So.2d 12. It is clear that the Mayor’s Court for the City of Ponchatoula has subject matter jurisdiction only over violations of municipal ordinances, as listed in the City Code. R.S. 33; 441(A)(1), provides:
 

 A. Except as provided in Chapter 7 of Title 13, there shall be a mayor’s court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof ...
 

 | gDefendant filed a Petition for Nullity to set aside his criminal conviction, alleging that the Mayor’s Court of Ponchatoula had no jurisdiction to try state law violations. The City argues that defendant’s application for Post Conviction Relief must be rejected because defendant has served his sentence, and “is not in custody” for purposes of post-conviction relief, La.C.Cr.P. art 924(2). The city also suggests that defendant waived his right to appeal his conviction, and that his conviction is not subject to collateral attack.
 

 It is well settled that one may suffer negative repercussions and consequences as a result of a conviction long after release from custody. A court of law, in order to protect its own integrity, has the authority to set aside judgements that are fundamentally flawed.
 
 In re Troy Davis,
 
 08-1443, - U.S. -, 130 S.Ct. 1, 174 L.Ed.2d 614 (8/17/09). Wilson should be permitted to pursue his action for nullity because he is challenging his conviction purely on jurisdictional grounds for which the law specifically provides a remedy. That remedy is an action to nullify the judgment. La. C.C.P art.2002 provides that a judgment shall be annulled if rendered by a court that does not have sub
 
 *1273
 
 ject matter jurisdiction, and an action for nullity may be brought at any time.
 

 The Court of Appeal, First Circuit, remanded this case to the Mayor’s Court to determine
 
 whether
 
 that court had subject matter jurisdiction over each of the offenses for which the defendant had been convicted. This remand to the Mayor’s Court is a redundancy, since clearly it had no subject matter jurisdiction. This Court should declare defendant’s conviction a nullity, and end this matter.