GUIDRY, J.
12At issue in this appeal is simply a procedural question of whether a party may file a petition to intervene in an action on judicial review after the time delay allowed for filing a petition for judicial review has elapsed.
On January 16, 2007, Ernie Vallery filed a petition for judicial review against the Louisiana Department of Environmental Quality (LDEQ) seeking review of the LDEQ’s denial of a public hearing on a Louisiana Pollutant Discharge Elimination System (LPDES) permit issued to Vanguard Synfuels, LLC on December 13, 2006.[1] Pursuant to articles 1033 and 1091 of the Louisiana Code of Civil Procedure, the prospective intervenors, the Louisiana Environmental Action Network (LEAN) and Howard Charrier, fax filed a petition on April 5, 2007, seeking to intervene in the action for judicial review filed by Val-lery. In addition to contesting the LDEQ’s failure to grant a public hearing, however, the prospective intervenors also challenged the issuance of the LPDES permit on grounds that the permit was issued in violation of state constitutional provisions and state water quality regulations.
In response to the petition for intervention, Vanguard filed peremptory exceptions raising the objections of no cause of action, no right of action and peremption. In the meantime, a hearing on Vallery’s original petition seeking a public hearing was held on April 16, 2007, following which, the district court rendered judg *1028 ment in open court remanding the matter to the LDEQ to conduct a public hearing on the permit that had been issued.[2]
|sAs a result of the remand and applications for supervisory writs filed by the LDEQ and Vanguard, which were denied by this court,[3] a hearing on Vanguard’s exceptions objecting to the prospective in-tervenors’ petition was not held until December 14, 2009. At the conclusion of the hearing, the district court found merit in the objections urged by Vanguard and sustained the exceptions. Following the denial of their motion for new trial, the prospective intervenors filed the instant appeal.
We find no error in the district court’s ruling. The Louisiana Supreme Court has held that judicial review of a decision of an administrative agency is an exercise of a court’s appellate jurisdiction pursuant to La. Const, art. V, § 16(B), rather than a district court’s original jurisdiction under La. Const, art. V, § 16(A). Willows v. State, Department of Health & Hospitals, 08-2357, p. 6 (La.5/5/09), 15 So.3d 56, 60; In re American Waste & Pollution Control Co., 588 So.2d 367, 370-71 (La.1991). The grant of original jurisdiction refers to judicial adjudications in the first instance with the adjudicative tribunal being the forum in which the initial adjudication is made. It does not refer to judicial review of decisions of administrative agencies. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 01-0185, p. 5 (La.10/16/01), 797 So.2d 656, 660. Therefore, consistent with this court’s opinion in Matter of BASF Corporation, Chemical Division, 533 So.2d 971 (La.App. 1st Cir.1988), writs denied, 539 So.2d 624 (La.1989) and 541 So.2d 900 (La.1989), we find the prospective interve-nors do not have a right to intervene at the judicial review stage of the subject administrative proceedings, as an action for intervention pursuant to the Code of Civil Procedure pertains to ordinary proceedings and typically is an incidental 14demand to a pending principal action prior to the rendition of a final judgment in the principal action. See Matter of BASF Corporation, 533 So.2d at 974 n. 4.
According to La. R.S. 30:2050.11, an aggrieved person is granted the right to intervene as a party in an environmental regulatory proceeding at the adjudicatory hearing stage; however, once an adjudication has occurred, the proper remedy for an aggrieved person to contest a final decision or order of the LDEQ is to appeal the decision or order in accordance with La. R.S. 30:2050.21. See Matter of BASF Corporation, 533 So.2d at 974. Louisiana Revised Statute 30:2050.21 expressly provides that “[a] petition for review must be filed in the [Nineteenth Judicial District Court] within thirty days after notice of the action or ruling being appealed has been given.” (Emphasis added.) The prospective inter-venors fax filed their petition on April 5, 2007, which was more than 30 days after the December 15, 2006 notice of the LDEQ’s action of granting the final *1029 LPDES permit.[4] Thus, their petition, filed outside of the 80-day time period provided in La. R.S. 30:2050.21, was untimely, and the district court properly sustained Vanguard’s exceptions objecting to the petition of the prospective intervenors on this basis.
We therefore affirm the January 19, 2010 judgment of the district court sustaining the peremptory exceptions based on the objections of no cause of action and peremption. All costs of this appeal are cast to the prospective intervenors, Louisiana Environmental Action Network and Howard Charrier.
AFFIRMED.

. The LDEQ notified Vanguard and Mr. Val-lery of its decision by certified letters dated December 15, 2006.

. The district court also denied a motion to dismiss and overruled exceptions to Mr. Val-lery's petition for judicial review filed by the LDEQ and adopted by Vanguard. Prior to the district court’s signing of a written judgment in conformity with its April 16, 2007 ruling, Vallery amended his petition for judicial review to challenge the issuance of the LPDES permit as being in violation of state constitutional provisions and state water quality regulations.

. See Vallery v. Louisiana State Department of Environmental Quality, 07-0934 (La.App. 1st Cir.08/21/07) and Vallery v. Louisiana State Department of Environmental Quality, 07-0944 (La.App. 1st Cir.08/21/07) (unpublished writ actions).

. Although the December 15, 2006 notices were sent only to Vanguard and Vallery, La. R.S. 30:2050.23(0 lists the persons generally entitled to notice, and at the time the December 15, 2006 notices were sent, the prospective intervenors had not presented themselves in any manner by which the LDEQ would be obligated to provide them notice in accordance with La. R.S. 30:2050.23. From our review of the record, as of December 15, 2006, only Vallery had submitted a public comment in response to the LDEQ’s July 2006 published notice soliciting public comments in connection with the draft LPDES permit prepared for Vanguard, which therefore entitled him to notice of the final permit action. See A to Z Paper Company, Inc. v. State, Department of Environmental Quality, 99-1710, p. 4 (La.App. 1st Cir.9/22/00), 770 So.2d 445, 447.