CARTER, C.J.
12Louisiana Land Acquisition, LLC (“LLA”) appeals a judgment of the district *1145 court that affirmed the denial of a permit to LLA by the Louisiana Department of Environmental Quality (“DEQ”). For the following reasons, we vacate the judgment of the district court and dismiss this appeal for lack of subject matter jurisdiction.
FACTS AND PROCEDURAL HISTORY
LLA petitioned the district court for judicial review of DEQ’s denial of a permit to LLA for construction and operation of a solid waste landfill in East Baton Rouge Parish. In its petition, LLA set forth that DEQ had denied it the requested permit and then denied its request for an adjudicatory hearing pursuant to Louisiana Revised Statutes section 30:2024 A. LLA requested judicial review pursuant to Louisiana Revised Statutes sections 30:2050.21 and 49:964. The district court exercised appellate jurisdiction pursuant to Section 2050.21, reviewed the permit denial pursuant to the applicable provisions of Section 964, and affirmed DEQ’s decision. This appeal followed.
SUBJECT MATTER JURISDICTION
In its appellate brief, DEQ asserts that subject matter jurisdiction is lacking in this case, but notes that it is not reurging the declinatory exception raising the objection of lack of subject matter jurisdiction asserted and denied in the district court. A court’s power to grant relief is premised upon its subject matter jurisdiction over the case or controversy before it, which cannot be waived or conferred by consent. Wilson v. City of Ponchatoula, 09-0303 (La.10/9/09), 18 So.3d 1272, 1272. In fact, before considering the merits in any appeal, appellate courts have a duty to examine subject matter |;¿jurisdiction. Boudreaux v. State, Dept, of Transp. and Development, 01-1329 (La.2/26/02), 815 So.2d 7,13.
District courts are granted appellate jurisdiction to review administrative decisions only as provided by the legislature or the constitution. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 01-0185 (La.10/16/01), 797 So.2d 656, 660. Thus, a threshold issue is whether the district court had subject matter jurisdiction over LLA’s appeal of DEQ’s permit denial. If the district court lacked jurisdiction to adjudicate the appeal, this court also lacks jurisdiction, save to correct the error of the lower court in entertaining the appeal. Metro Riverboat Associates, Inc., 797 So.2d at 662-63.
In this case, LLA invoked, and the district court exercised, appellate jurisdiction pursuant to Section 2050.21, which provides:
A. An aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court. A petition for review must be filed in the district court within thirty days after notice of the action or ruling being appealed has been given. The district court shall grant the petition for review.
B. The district court shall promulgate rules of procedure to be followed in taking and lodging appeals.
C. The department shall not be required to file an answer to the petition for review.
D. In matters not submitted to the division of administrative law, Department of Civil Service, the department shall transmit to the reviewing court the original or a certified copy of the entire record of the decision or action under review within sixty days after service of the petition on the department, or within further time allowed by the court. By stipulation of all parties to the review *1146 proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.
|4E. If, before the date set for hearing, application is made to the court for leave to present additional information, and it is shown to the satisfaction of the court that the additional information is material and that there was good cause for failure to present it in the proceedings before the department, the court may order that the additional information be taken before the department upon conditions determined by the court. The department may modify its findings and decision by reason of the additional information and shall file that information and any modifications, new findings, or decisions with the reviewing court.
F. The provisions of [La.Rev.Stat. Ann. § ] 49:964(C), (F), and (G), including the standard of review, shall apply to appeals provided in this Section.
G. Judicial review, appeals, and other proceedings for injunctive relief regarding environmental permits needed for construction or operation of new facilities or modification of existing facilities, shall be decided by the court summarily and by preference. In no case shall the date for a final decision on the merits of such review or appeals extend beyond the ninetieth day after receipt by the court of the record for adjudication. The court in its discretion may issue further orders consistent with the Louisiana Code of Civil Procedure to carry out the summary mandate of such reviews or appeals.
Under Section 2050.21F, review is conducted in accordance with the provisions of Section 964C, F, and G, without a jury, and is confined to the agency record. La.Rev.Stat. Ann. §§ 30:2050.21 F. The district court functions in its capacity as an appellate court and should not reverse a substantive decision of DEQ unless it can be shown that the actual balance of costs and benefits that was struck was arbitrary or clearly gave insufficient weight to environmental protection. Dow Chemical Co. Louisiana Operations Complex Cellulose and Light Hydrocarbons Plants, Part 70 Air Permit Major Modifications and Emission v. Reduction Credits, 03-2278 (La.App. 1 Cir. 9/17/04), 885 So.2d 5, 10, writ denied, 04-3005 (La.2/18/05), 896 So.2d 34. The district court acknowledged these provisions in reaching its decision.
liiDEQ has argued, however, that LLA was not entitled to appeal its permit denial pursuant to Section 2050.21, because this matter is governed by Section 2024, which provides:
A. Any permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and shall not be subject to further review unless, no later than thirty days after the notice of the action is served by certified mail or by hand upon the applicant, he files with the secretary a request for hearing.
B. Upon timely filing of the request, the secretary shall either grant or deny the request within thirty days. If the request for hearing is granted, the issues raised in the request shall be resolved by an adjudicatory hearing before a hearing officer. Any appeal from a final decision of the secretary shall be in accordance with the provisions of Chapter 2-A of this Subtitle.
C. If the secretary does not grant the hearing within the time provided for in Subsection B, the applicant shall, within thirty days thereafter, be entitled to file an application for de novo review of the *1147 secretary’s action in the Nineteenth Judicial District Court for the parish of East Baton Rouge.
D. Notwithstanding the provisions of Subsection A of this Section, with respect to the effectiveness of a permit action, a final decision of the secretary which will result in the practical closing and elimination of a lawful business by either the denial or restriction of a permit shall become effective no sooner than one hundred twenty days after notice of the action is served upon the respondent. In such an instance the existing permit will continue in effect until such decision becomes effective.
Section 2024B provides that if DEQ grants the applicant’s hearing request, an adjudicatory hearing shall be held and the applicant may appeal the final decision subsequently rendered. See A to Z Paper Co., Inc. v. State, Dept, of Environmental Quality, 99-1710 (La.App. 1 Cir. 9/22/00), 770 So.2d 445, 446. However, if the hearing request is denied, the applicant’s remedy is to timely file an application for de novo review in the district court. La.Rev. Stat. Ann. § 30:2024C. This was the situation in the case sub judice. This court has interpreted the phrase “application for de novo |f,review” to mean a right to an adjudication in the trial court. In the Matter of Supplemental Fuels, Inc., 94-1596 (La.App. 1 Cir. 5/9/95), 656 So.2d 29 (interpreting a prior version of Section 2024 that also provided a right to file an application for de novo review in the 19th Judicial District Court if DEQ denied the request for adjudicatory hearing). This court has explained:
The 1990 amendment to [Section] 2024A made a very significant change with respect to judicial review of DEQ permit determinations. It provides that where DEQ refused to hold an adjudicatory hearing on a permit determination, the applicant has a right to a de novo review in the trial court. The legislature designated the trial court as the adjudicative tribunal in which the merits of the permit application will be addressed because DEQ declined to act as the adjudicative tribunal. This amendment preserves DEQ’s discretion in determining to act as the administrative tribunal, affords the permit applicant the right to have the merits of its permit application tested in an adjudicatory context, and ensures that a record will be compiled for appellate review purposes.
In the Matter of Supplemental Fuels, Inc., 656 So.2d at 36.
It is undisputed that LLA filed a request for hearing, as authorized by Section 2024 A, which was denied by DEQ. Interpreting DEQ’s decision to then be “final” and appealable pursuant to Section 2024 B, LLA filed an appeal in accordance with Chapter 2-A, specifically Section 2050.21. This ignores the specific provisions of Section 2024 C, which outlines the procedure to be followed after a request for hearing is denied. Sections 2024 and 2050.21 are separate and distinct provisions setting forth different procedures for review. See A to Z Paper Co., Inc., 770 So.2d at 446; In re Natural Resources Recovery, Inc., 98-2917 (La.App. 1 Cir. 2/18/00), 752 So.2d 369, 374, writs denied, 00-0806 (La.5/26/00), 762 So.2d 1104, and 00-0836 (La.5/26/00), 762 So.2d 1105. In In re Natural Resources Recovery, Inc., this court recognized that Section 2024 pertains exclusively to permit applicants and has no bearing on the appellate review provisions 17afforded to other aggrieved persons under Section 2050.21. In re Natural Resources Recovery, Inc., 752 So.2d at 374. We now conclude that, when no adjudicatory hearing has previously been *1148 held,[1] Section 2024 is the exclusive procedure applicable to permit applicants. Under the facts of this case, pursuant to Section 2024, an appeal pursuant to Chapter 2-A is authorized only if the applicant’s hearing request is granted and the issues raised in the request are resolved by an adjudicatory hearing. La.Rev.Stat. Ann. § 30:2024 B. If the applicant’s hearing request is denied, the applicant’s remedy is to file an application for de novo review of the final permit action in the 19th Judicial District Court. La.Rev.Stat. Ann. § 30:2024 C. The applicant may not disregard the specific provisions of Section 2024 C in favor of the more general provisions of Section 2050.21. It is a well-recognized principle of statutory construction that legislation addressing a more particularized subject matter prevails over more generalized legislation. See Corbello v. Sutton, 446 So.2d 301 (La.1984).
Because no adjudicatory hearing was ever held, Section 2024 is applicable to these proceedings and, since the requirements of Subsection B were not applicable, an appeal pursuant to Section 2050.21 was not authorized. The recourse available to LLA was to file an application for de novo review of DEQ’s action in the district court pursuant to Section 2024 C. The district court lacked subject matter jurisdiction to consider LLA’s appeal pursuant to Section 2050.21. As such, its judgment must be vacated.
CONCLUSION
For the reasons set forth herein, the judgment of the district court is vacated. Since the district court lacked subject matter jurisdiction, this court |salso lacks subject matter jurisdiction to consider the merits of the appeal. See Metro Riverboat Associates, Inc., 797 So.2d at 663. Accordingly, this appeal is dismissed. All costs are assessed to Louisiana Land Acquisition, LLC.
JUDGMENT VACATED; APPEAL DISMISSED.
HIGGINBOTHAM, J., concurs.

. See In the Matter of Supplemental Fuels, Inc., 656 So.2d at 36.