DRAKE, J.
I ¿This appeal challenges the district court’s dismissal of a petition for judicial review of a permit action taken by the Louisiana Department of Environmental Quality (“LDEQ”) pursuant to an exception of lack of subject matter jurisdiction. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The facts forming the basis for this appeal are not disputed. The appellants, Citizens Against Multi-Chem and Marcella Manuel (“Citizens”), filed this appeal contesting the dismissal of their petition for judicial review, which challenged the issuance of a minor source, or “small source,” air permit to Multi-Chem Group, L.L.C. (“Multi-Chem”). On February 10, 2012, Multi-Chem filed an application for expedited permit processing with the LDEQ, requesting a minor source[1] air permit for its facility, the Maurice Chemical Distribution Facility, located between Maurice and Indian Bayou, Louisiana. The purpose of the facility was to store, transfer, repackage, and blend chemicals utilized in oil and gas production operations. On March 29, 2012, the LDEQ issued air permit 2940-00344-00 to Multi-Chem. Notice of this final permit action was sent via certified mail to Multi-Chem that same day. Mul-ti-Chem received the notice on April 5, 2012.
On November 14, 2012, Citizens filed a petition seeking judicial review of the LDEQ’s permit action, asserting that the issuance of the minor source air permit to Multi-Chem threatened the health, safety, and welfare of their members. In the petition, Citizens raised four assignments of error, contending in the bulk of those allegations that the LDEQ violated its public trustee duty in issuing the permit by failing to perform an environmental assessment prior to issuing the | spermit.[2] Citizens also requested a stay of the effec *474 tiveness of the permit pending the judicial review proceedings.[3] We note that prior to filing its petition for judicial review, Citizens failed to raise its concerns regarding the issuance of Multi-Chem’s permit in advance of the LDEQ’s final decision on the permit. See La. R.S. 30:2014.3(B) and (C).
The LDEQ filed a declinatory exception raising the objection of lack of subject matter jurisdiction and/or a peremptory exception of no cause of action and/or alternatively, a motion to dismiss. Under La. R.S. 30:2050.21, an “aggrieved person” is given the right to appeal a final permit action to the Nineteenth Judicial District Court. The petition for judicial review of the LDEQ action must be filed “within thirty days after notice of the action or ruling being appealed has been given.” The LDEQ argued that the determinative date for commencing the 30-day appeal delay was the date on which Multi-Chem received notice of the issuance of the permit. The permit was issued on March 29, 2012. Notice of this final permit action was sent via certified mail to Multi-Chem on |4March 29, 2012, who received it on April 5, 2012. Thus, according to the LDEQ, Citizens’s right to appeal the permit decision prescribed thirty days after Multi-Chem received notice of the issuance of its permit, making the petition for judicial review, filed on November 14, 2012, untimely.
Following the filing of opposition and reply memoranda to the exceptions, the district court held a hearing on the LDEQ’s exceptions. The district court denied the LDEQ’s objection of no cause of action, but granted the objection of lack of subject matter jurisdiction and dismissed Citizens’s petition for judicial review, with prejudice. A judgment evidencing the ruling was signed on April 8, 2013. Citizens now appeals.

LAW

Subject Matter Jurisdiction

A court’s power to grant relief is premised upon its subject matter jurisdiction over the case or controversy before it, which cannot be waived or conferred by consent. Wilson v. City of Ponchatoula, 2009-0303 (La.10/9/09), 18 So.3d 1272. The district courts have exclusive original jurisdiction over most matters, and concurrent original jurisdiction with trial courts of limited jurisdiction. See La. Const, art. V, § 16. Subject matter jurisdiction is a threshold issue, insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. See La. C.C.P. art. 2; IberiaBank v. Live Oak Circle Dev., L.L.C., 2012-1636 (La.App. 1 Cir. 5/13/13), 118 So.3d 27, 30.
The objection of lack of subject matter jurisdiction is used to question the court’s legal power and authority to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. See La. C.C.P. art. 2; IberiaBank, 118 So.3d at 30. The objection of lack of subject matter jurisdiction may apply in district courts Rwhen there are special jurisdictional provisions for administrative agency determinations. *475 See La. Const, art. V, § 16(A). La. R.S. 23:1310.3.
Subject matter jurisdiction cannot be waived by the parties, and the lack thereof can be recognized by the court at any time, with or without a formal exception. See La. C.C.P. arts. 3 and 925(A)(6); Iberia-Bank, 118 So.3d at 30. A declinatory exception pleaded before or in the answer must be tried and decided in advance of the trial of the case. La. C.C.P. art. 929. At the trial of a declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 930.
District courts are granted appellate jurisdiction to review administrative decisions only as provided by the legislature or the constitution. Thus, a threshold issue is whether the district court had subject matter jurisdiction over Citizens’s appeal of LDEQ’s permit grant. If the district court lacked jurisdiction to adjudicate the appeal, this court also lacks jurisdiction, save to correct the error of the lower court in entertaining the appeal. Louisiana Land Acquisition, LLC v. Louisiana Dep’t of Envtl. Quality, 2011-2037 (La.App. 1 Cir. 7/18/12), 97 So.3d 1144, 1145, writ granted in part, 2012-1872 (La.11/16/12), 103 So.3d 358. In this case, Citizens invoked, and the district court exercised, appellate jurisdiction pursuant to La. R.S. 30:2050.21,[4] which provides, in pertinent part:
A. An aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court. A petition for review must be filed in the district court within thirty days after notice of the action or | ^ruling being appealed has been given. The district court shall grant the petition for review.
[[Image here]]
C. The department shall not be required to file an answer to the petition for review.
[[Image here]]
F. The provisions of R.S. 49:964(C), (F), and (G), including the standard of review, shall apply to appeals provided in this Section.
Under subsection 2050.21(F), review is conducted in accordance with the provisions of subsections 964(C), (F), and (G), without a jury, and is confined to the agency record. The district court functions in its capacity as an appellate court and should not reverse a substantive decision of LDEQ unless it can be shown that the actual balance of costs and benefits that was struck was arbitrary or clearly gave insufficient weight to environmental protection. Louisiana Land Acquisition, 97 So.3d at 1146.
Under subsection 2050.21, reviewability of final permit actions is limited to cases where notice has been given, and a petition for judicial review is filed within thirty days from that notice. Notice accomplished pursuant to La. R.S. 30:2050.23 *476 triggers the running of the 30-day appeal delay. That statute provides, in pertinent part:
A. (1) Notice to an applicant for a permit, a respondent, a petitioner for a declaratory ruling, or a party to an adjudicatory hearing shall be given by certified mail return receipt requested.
(2) Notice to other persons shall be given by ordinary mail.
(3) In all cases, notice may be given by delivery.
B. When a party is represented by an attorney or has appointed an agent for service of process, notice may be given to the attorney or the agent.
C. (1) Notice to an applicant for a permit, a respondent who is a party, an intervenor, a petitioner for a declaratory ruling, or a person who submits a written comment shall be given at the address in the application, the request for a hearing, the request for an intervention, the petition, or the comment.
17Subsection 2050.23 uses the mandatory phrase, “shall be given” throughout. It requires that notice to a person submitting written comments “shall be given” at the address listed in the comment. Only six persons are specifically mentioned in the notice provision, including: (1) an applicant for a permit; (2) a respondent who is a party; (3) an intervenor; (4) a petitioner for a declaratory ruling; (5) a party to an adjudicatory hearing; and (6) a person who submits a written comment. This listing includes those persons who are actively participating in proceedings held before the LDEQ. Construing subsections 2050.21 and 2050.23 together, LDEQ is statutorily required to notify those persons specifically listed in subsection 2050.23 of its decision, and notice accomplished in accordance with that provision constitutes “notice of the action” necessary to commence the running of the 30-day appeal delay in subsection 2050.21. See In re Natural Resources Recove'ry, Inc., 98- 2917 (La.App. 1 Cir. 2/18/00), 752 So.2d 369, 375, writs denied, 2000-0806 and 2000-0836 (La.5/26/00), 762 So.2d 1104 and 1105.
Here, Citizens argues that it had no notice of LDEQ’s decision to grant the minor source air permit to Multi-Chem. Because Citizens did not receive notice, it argues that the 30-day appeal delay period had not tolled; thus, its petition for judicial review was timely. See La. R.S. 30:2050.21(A).
Assuming all other requirements for judicial review in subsection 2050.21 were met, Citizens could only fall within the category of “a person who submits a written comment.” See La. R.S. 30:2050.23(0(1). Receiving no public comments prior to permit issuance, LDEQ did not send notice to any party within this description. We hold that LDEQ complied with all notice provisions it was legally ^required to give. Pursuant to La. R.S. 30:2022(A)(1),[5] the LDEQ notified, in writing, the Vermillion Parish Police Jury and all public interest groups and individu *477 als who had requested notice and provided a mailing address. The LDEQ also posted information regarding the receipt of Multi-Chem’s application on its website. Citizens had the opportunity to submit a comment or request notice of permit applications in Vermillion Parish, but failed to do so.
Citizens also argues that the LDEQ failed to notice the draft permit, have a public comment period, and notify them of the issuance of Multi-Chem’s minor source air permit. However, despite the absence of a formal public comment period on Multi-Chem’s draft permit, notice of the application was provided fully in accordance with law. For new facilities that are major sources of air emissions, the LDEQ provides notice of a proposed permit and holds a formal public comment period. See LAC 33:111.531. Because Mul-ti-Chem’s permit is for a minor source, the regulations do not require that a proposed permit be noticed or that a public comment period be held. The decision to do so rests within the sound discretion of the LDEQ. See LAC 33:III.531.A.l. In the exercise of discretion, the LDEQ is entitled to deference by the court. See In the Matter of Recovery I, 93-0441 (La.App. 1 Cir. 4/8/94), 635 So.2d 690, writ denied, 94-1232 (La.7/1/94), 639 So.2d 1169. The LDEQ states that while it may, in its discretion, notice a draft permit and hold a public comment period, this determination is guided and influenced by public interest in the application. In cases where the | interest of the public is brought to the attention of the LDEQ, usually through the submission of comments, the LDEQ exercises its discretion to provide public notice and an opportunity for public comments.
The crux of Citizens’s appeal is that, although it did not participate in the application review process, it would have this court declare that its failure to participate in the process allows the legally mandated appeal delays to fall to the wayside so Citizens may remain free to bring an appeal at any time. The statutes and case law do not envision an unlimited amount of time in which to appeal. An aggrieved person’s delay for seeking judicial review of a LDEQ permit action cannot be unlimited; there must be finality in the regulatory process. In order for the LDEQ to provide notice to aggrieved persons, the LDEQ must know whom to give notice to and where to send the notice. Although Citizens may fall into the category of “aggrieved persons,” pursuant to La. R.S. 30:2050.21 and 2050.23, LDEQ provided all the notice required by law when it received Multi-Chem’s minor source air permit. Citizens’s remedy lies with the legislature.
In its reasons for ruling, the district court stated that, because there were no written comments submitted, nor was notice required to be given to any parties pursuant to La. R.S. 30:2050.23, the only notice required in this case was notice to the applicant, Multi-Chem. The 30-day appeal delay began to run from the date LDEQ gave notice to Multi-Chem. In sustaining LDEQ’s exception raising the objection of lack of subject matter jurisdiction, the district court ruled that it had no jurisdiction over Citizens’s petition for judicial review, as it was filed outside of the 30-day appeal delay period. We agree.[6]

*478
J^DECREE

For the foregoing reasons, the judgment of the district court is hereby affirmed. All costs of this appeal are assessed to Citizens.
AFFIRMED.

. LAC 33:111.503.B(2) provides, in pertinent part:
Small Source Permit. The owner or operator of a stationary source which is not a Part 70 source as defined in LAC 33:111.502 may apply for a small source permit provided the source emits and has the potential to emit less than 25 tons per year of any criteria pollutant and 10 tons per year of any toxic air pollutant.

. The LDEQ is bound by the public trustee requirements as set forth La. Const, art. IX, § 1. See Save Ourselves, Inc. v. Louisiana Environmental Control Com'n, 452 So.2d 1152, 1156-58 (La.1984), and In re Rubicon, Inc., 95-0108 (La.App. 1 Cir. 2/14/96), 670 So.2d 475, 482. This court has clarified the public trustee responsibilities by listing three questions that the LDEQ must address in an environmental impact analysis, or "IT Analysis”: whether (1) the potential and real adverse environmental effects of a proposed project have been avoided to the maximum extent possible; (2) a cost-benefit analysis of the environmental impact costs balanced against the social and economic benefits of the project demonstrates that the benefits outweigh the costs; and (3) are there alternative projects or alternative sites or mitigating measures which would offer more protection to the environment than the proposed project without unduly curtailing non-environment benefits. See In re Rubicon, 670 So.2d at 482. This court has stated that such an analysis is required only in "contested cases involving complex issues and not to uncontested matters involving only simple issues.” Id. at 488. To secure compliance with the Supreme Court and First Circuit opinions, the legislature enacted La. R.S. 30:2018, which requires permit applicants to submit an Environmental Assessment Statement ("EAS”) to be utilized by the LDEQ in satisfaction of its public trustee requirements. The EAS consists of the applicant’s answers to the IT questions. This statute limits the submission of an EAS to applicants who apply for new permits and major permit modifications. La. R.S. 30:2018(E)(2) specifically excludes the submission of an EAS for a minor source air permit application. Thus, the LDEQ is not required to perform an IT Analysis on an uncontested minor source air permit.

. A hearing on the stay was held on January 7, 2013. The district court entered a stay, which would be automatically removed upon the occurrence of one of the following events: (1) the LDEQ develop an analysis, showing that it had considered and addressed problems regarding the permit: (2) the LDEQ file the administrative record; or (3) the passage of 45 days after the issuance of the stay order. The stay was lifted after the LDEQ filed the administrative record with the district court on January 16, 2013.

. We note that La. R.S. 30:2050.21, pertaining to judicial review of permit actions, and La. R.S. 30:2024, regarding finality of permit actions, are separate and distinct provisions setting forth different procedures for review. This court has previously ruled that La. R.S. 30:2024 pertains exclusively to permit applicants and has no bearing on the appellate review provisions afforded to other "aggrieved persons” under La. R.S. 30:2050.21. Louisiana Land Acquisition, 97 So.3d at 1147; ■In re Natural Resources Recovery, Inc., 98-2917 (La.App. 1 Cir. 2/18/00), 752 So.2d 369, 374, writs denied, 2000-0806 and 2000-0836 (La.5/26/00), 762 So.2d 1104 and 1105. Because Citizens is not a permit applicant, La. R.S. 30:2024 is not applicable to this case.

. La. R.S. 30:2022(A)(1) states:
Any person seeking a permit, license, registration, variance, or LPDES variance shall file a written application for such with the secretary. Excluding applications relative to medical and dental devices, the secretary shall promptly send a notice of the subject matter of each application to the governing authority of the parish affected by the application and any public interest group or individual within the affected parish who has requested notice in writing and provided a mailing address. The notice of a permit, license, or registration application shall be provided within thirty days after receipt of the application. The parish governing authority shall promptly notify each municipality within said parish affected by the application.

. In its brief, the LDEQ argues that Citizens failed to state a cause of action in its petition for judicial review. Based on the foregoing opinion, because we agree with the district court that it has no subject matter jurisdiction over Citizens’s petition for judicial review, we pretermit any discussion of LDEQ’s arguments regarding Citizens's alleged failure to state a cause of action.