CRAIN, J.
12The plaintiff, Joycelyn Beasley, appeals a judgment sustaining an exception of subject matter jurisdiction and dismissing a tort suit she filed against her employer, Nezi, LLC d/b/a Subway. We affirm. ‘
FACTS AND PROCEDURAL BACKGROUND
Beasley allegedly sustained injuries in a slip and fall that occurred at her place of employment, a Subway restaurant owned by Nezi in Baker, Louisiana. Beasley was employed as a manager and primarily assigned to the Baker location. According to her petition, Beasley was on her “day off’ when an employee at the Baker restaurant telephoned to advise her the ice machine was not operating, so no ice would be available for the upcoming lunch crowd. Beasley called the supervisor, who was in Greensburg and said it would be difficult for her to get ice to the Baker location in time for lunch. Beasley decided to obtain the ice herself and deliver it to the restaurant. After arriving with the ice, Beasley walked toward the ice machine to see if she could fix it; however, while walking towards the machine, she slipped and fell in a puddle of water.
Beasley sued Nezi in tort, alleging her co-employees allowed water from a leaking water heater to accumulate on the floor, which created an unreasonable risk of harm..In an apparent effort to avoid the exclusive remedy of Louisiana’s Workers’ Compensation Act (the Act), Beasley alleged she was not within the course and scope of her employment at any time on the day of the accident. Rather, according to the petition, she delivered the ice and checked on the machine. “[a]s a favor and purely gratuitously,” without compensation and without being subject to anyone’s direction or control.
*311 Nezi answered the. suit and filed an exception of lack of subject matter jurisdiction, asserting Beasley’s exclusive remedy was under the Act. After a I shearing on the exception, the district court found the accident occurred during the course of Beasley’s employment, stating in oral reasons that Beasley’s.actions were.for the “benefit of the company” and “the necessities of the business require[d] that she be there and do that at the time [the accident] occurred.” The district court sustained the exception and signed a judgment dismissing all claims. Beasley appeals.
DISCUSSION
Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. La. Code Civ. Pro. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. See La. Code Civ. Pro. art. 2.
Subject to certain exceptions not relevant to this case, original jurisdiction over all claims arising under the Act is vested exclusively with workers’ compensation judges. See La. Const. Art. V, § 16(A); La. R.S. 23.1310.3F; Bracken v. Payne & Keller Co., Inc., 15-1760 (La. App. 1 Cir. 8/10/16), 199 So.3d 1164, 1168, writ denied, 16-1791 (La. 11/29/16), 211 So.3d 389. The Act applies to actions by an employee against her employer for injuries sustained in an accident “arising out of’ and “in the course of’ her employment. See La. R.S. 23:1031A and 1032A(l)(a). These dual requirements are distinct but cannot be considered in isolation from each other; a strong showing in one may compensate for a relatively weak showing in the other. See Guillory v. Interstate Gas Station, 94-1767 (La. 3/30/95), 653 So.2d 1152, 1154.
The principal criteria for determining “course of employment” are time, place, and employmént activity. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La. 1992). An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of her duties during work hours, either on the employer’s premises or at other places where employment activities take the employee. McLin v. Industrial Specialty Contractors, Inc., 02-1539 (La. 7/2/03), 851 So.2d 1135, 1140. The requirement that an employee’s injury “arise out of’ her employment relates to the character or origin of the injury suffered by the employee and whether the injury was incidental to the employment. McLin, 851 So.2d at 1140. An accident arises out of employment if the employee was engaged about her employer’s business and the conditions or obligations of the employment cause the employee in the course of employment to be at the place of the accident at the time the accident occurred. McLin, 851 So.2d at 1142.
The Act’s potential application to the present claims was presented for adjudication through a declinatory exception of subject matter jurisdiction. See La. Code Civ. Pro. art. 925A(6). Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. See La. Code Civ. Pro. art. 930; Barringer v. Robertson, 15-0698 (La. App. 1 Cir. 12/2/15), 216 Sp.3d 919, 924, writ denied, 16-0010 (La. 2/26/16), 187 So.3d 1004. If, as in the present case, no evidence is introduced, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. See State v. Illinois Central Railroad *312 Company, 04-1789 (La. App. 1 Cir. 12/22/05), 928 So.2d 60, 68; Banks v. Carl Ott Poles & Piling, Inc., 440 So.2d 803, 805 (La. App. 1 Cir. 1983), writ denied, 444 So.2d 1244 (La. 1984). However, this rule applies only to properly-pled material allegations of fact; the court is not required to accept conclusory allegations or allegations of law as true for purposes of the exception. See Kirby v. Field, 04-1898 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 05-2467 (La. 3/24/06), 925 So.2d 1230. The determination of whether a district court has subject matter jurisdiction over a case is subject to de novo review. In re D.C.M., 13-0085 (La. App. 1 Cir. 6/11/13), 170 So.3d 165, 169, writ denied, 13-1669 (La. 7/17/13), 118 So.3d 1102.[1]
Citing the allegations of her petition and Nezi’s failure to introduce any evidence, Beasley maintains her injury did not arise out of or occur in the course of her employment because (1) the accident occurred when she was not scheduled to work, (2) she was not obligated by her employment to take any of the actions she took, and (3) she was not being paid at the time of the accident. However, these factors alone are not necessarily determinative.
The allegations of the petition establish that Beasley is employed as a manager for the defendant, went to her place of employment to assist with an employment-related issue (a broken ice machine), and, while there, was injured when she slipped and fell walking to the ice machine. The origin of her injury is employment rooted, regardless of whether she was being directly compensated at the time for her efforts. The allegedly “gratuitous” nature of her efforts does not change the fact that the reason she was called to respond to the ice machine problem was because she was a manager at the restaurant. Her responsive acts of calling the supervisor, obtaining and delivering ice to the restaurant, agreeing to look at the ice machine, and traversing the area where her accident occurred, are inextricably linked to her employment as a Subway manager. Beasley’s accident was directly related, by time and place, to her employment.
| (¡For these reasons, we find the accident arose out of and occurred in the course of Beasley’s employment with Nezi. Her claims against her employer are thus governed by the Act. See Mitchell v. Industrial Fill Materials, Inc., 02-2021 (La. App. 1 Cir. 7/2/03), 859 So.2d 36, 39 (although evidence suggested accident occurred while an employee was voluntarily inspecting or attempting to fix his employer’s dump truck, Act applied to the claims against his employer where accident occurred on the employer’s premises and the employee drove the truck as part of his employment); Maurice v. Orleans Parish School Board, 295 So.2d 184, 186 (La. App. 4 Cir. 1974) (Act applied to claim by substitute teacher against school board arising out of an accident that occurred while the plaintiff was an uncompensated volunteer at a school sponsored activity).[2] The dis *313 trict court correctly sustained Nezi’s exception of lack of subject matter jurisdiction and dismissed Beasley’s claims.
CONCLUSION
The judgment of the district court is affirmed. All costs of this appeal are assessed to the plaintiff, Joycelyn Beasley.
AFFIRMED.
Welch, J. dissents for reasons assigned by Judge Holdridge.
Holdridge J. dissents for reason assigned.

. When evidence is introduced at the trial of the exception, relevant factual findings are governed by the manifest error standard of review. See Barringer, 216 So.3d at 924. Although Beasley attached an affidavit to her opposition memorandum, the affidavit was not introduced into evidence and is not a part of the reviewable record. See Dupre Logistics, LLC v. Bridges, 10-1071, 2010 WL 5479723 (La. App. 1 Cir. 12/22/10).

. Beasley relies on Hebert v. Jeffrey, 94-1230 (La. App. 1 Cir. 4/7/95), 653 So.2d 842, and Lewis v. Bellow, 212 So.2d 540 (La. App. 3 Cir. 1968). Both cases are factually distinguishable. In Hebert, an employee was injured in an automobile accident while traveling to a *313 job site prior to work. The employee was not paid for his travel time. Finding the Act inapplicable, the court found no reason to deviate from the general rule that an employee traveling to or from work is not in the course of his employment. Hebert, 653 So.2d at 844-45. In Lewis, the plaintiff was injured while gratuitously cutting a tree limb for the defendant. The court found no employer-employee relationship between the parties. Lewis, 212 So.2d at 543. Here, the employment relationship between Beasley and Nezi is set forth in her petition and is not disputed.