THERIOT, J.
Damien Dyson ("Mr. Dyson") appeals the Nineteenth Judicial District Court's ("the trial court") judgment sustaining the declinatory exceptions raising the objection of lack of subject matter jurisdiction filed by the Department of Public Safety and Corrections, Office of State Police ("the Department") and the Louisiana State Police Commission ("the Commission"). For the following reasons, we vacate the trial court's judgment and render judgment sustaining the exceptions of no right of action filed by the Department and the Commission.
FACTS AND PROCEDURAL HISTORY[1]
In October 2014, Mr. Dyson was employed by the Department as a Louisiana State Police trooper. On the night of October 10, 2014, while off-duty, Mr. Dyson attended and consumed alcohol at a party near New Orleans, Louisiana. Mr. Dyson left the party shortly before 2:00 a.m. on October 11, 2014. While driving his personal vehicle towards Baton Rouge on Interstate 10, Mr. Dyson fell asleep and struck another vehicle. Mr. Dyson was awakened by the impact and drove two miles to the next exit, where he parked his vehicle on the exit's shoulder and contacted two friends in law enforcement and his Louisiana State Police supervisor. Mr. Dyson did not call 911 to report the accident.
While Mr. Dyson was parked at the exit, he was apprehended by the local police. The police administered several field sobriety tests and determined that Mr. Dyson was impaired. A breathalyzer test revealed Mr. Dyson's blood alcohol concentration to be .175%. As a result, Mr. Dyson was arrested and charged with driving while intoxicated, hit-and-run driving, careless operation, and possession of an alcoholic beverage inside his vehicle.
On December 15, 2014, Mr. Dyson was notified that his employment as a state trooper was terminated for failure to conform to state laws and conduct unbecoming of an officer. Mr. Dyson timely filed a notice of appeal with the Commission seeking reversal of his termination. The Commission heard his appeal on July 9, 2015. The Commission dismissed the appeal on August 13, 2015, finding that Mr. Dyson *294 had violated Louisiana State Police policies as alleged, his termination was justified, and the proper appointing authority had terminated Mr. Dyson's employment. Following the Commission's August 13, 2015 ruling, Mr. Dyson filed an appeal with this court. On June 3, 2016, this court affirmed the Commission's ruling. Mr. Dyson did not seek further review of that decision.
On September 12, 2016, Mr. Dyson filed suit against the Commission and the Department challenging the constitutionality of the Commission's composition. Mr. Dyson claimed that on August 11, 2016, another citizen appeared before the Commission and raised the question of whether former Governor Bobby Jindal had complied with the Louisiana Constitution when appointing the Commission's members. Mr. Dyson argued that because of these alleged violations, a quorum (a consensus among four out of the six members) could not have existed when the Commission rendered their decision as to Mr. Dyson's termination. Mr. Dyson, therefore, sought to have the Commission's August 13, 2015 decision declared null.
On December 28, 2016, the Department filed peremptory exceptions of no right of action and no cause of action, along with a declinatory exception of lack of subject matter jurisdiction. On February 1, 2017, the Commission filed the same exceptions.
On May 16, 2017, the trial court granted both the Department's and the Commission's exceptions of lack of subject matter jurisdiction. This appeal followed.
ASSIGNMENT OF ERROR
Mr. Dyson assigns the following as error:
(1) The trial court erred in granting the declinatory exception of lack of subject matter jurisdiction filed by the Louisiana State Police Commission and the Louisiana Department of Public Safety & Corrections, Office of State Police.
STANDARD OF REVIEW
The determination of whether a district court has subject matter jurisdiction over a case is subject to de novo review. Beasley v. Nezi, LLC , 2016-1080 (La. App. 1 Cir. 9/8/17), 227 So.3d 308, 312 (citing In re D.C.M. , 2013-0085 (La. App. 1 Cir. 6/11/13), 170 So.3d 165, 169, writ denied , 2013-1669 (La. 7/17/13), 118 So.3d 1102 ).
DISCUSSION
The sole issue raised on appeal is whether the trial court erred in granting the Department's and the Commission's declinatory exceptions of lack of subject matter jurisdiction. Mr. Dyson argues that his claim, which is constitutionally based, is a civil matter as contemplated in Article V § 16 of the Louisiana Constitution and that the trial court, therefore, had original jurisdiction over his claims. In response, the Commission argues that the trial court only has subject matter jurisdiction over an action challenging the constitutionality of the Commission's composition when that action is brought by the proper party. Similarly, the Department argues that the trial court does not have subject matter jurisdiction because any action to challenge the Commission's makeup is not Mr. Dyson's personal action.
In oral reasons, the trial court explained that it lacked subject matter jurisdiction over Mr. Dyson's claims because this court had already ruled on Mr. Dyson's case and because any issues relating to the makeup of the commission should have been raised during the first appeal. Although the trial court correctly dismissed Mr. Dyson's claims, the trial court's sustaining of the Department's and the Commission's exceptions of lack of *295 subject matter jurisdiction constitutes legal error. Because Mr. Dyson is not the proper party to bring this claim, the trial court should have sustained the Department's and the Commission's exceptions of no right of action.
Article X of the Louisiana Constitution governs public officials and employees. La. Const. art. X. Part IV of Article X created the Louisiana State Police Commission, which has the exclusive power and authority to hear and decide all removal and disciplinary cases, including Mr. Dyson's case. La. Const. Art. X § 46. Actions to challenge a public officer's right to office are governed by La. R.S. 42:76, which states:
An action shall be brought in the name of the state in any of the following cases:
(1) When any person usurps, intrudes into, or unlawfully holds or exercises or attempts to remain in possession of any public office or franchise within this state.
(2) When any public officer has done, or suffered to be done, an act which under the laws of this state constitutes a forfeiture of his office.
(3) When any association or any number of persons act as a corporation without being duly incorporated.
This action shall be brought by the attorney general of the state or by the parish district attorney of the parish in which the case arises against the offender, and the suit shall be filed in the district court of that parish.
The action may also be brought by the governor appearing in proper person or through the attorney general of the state or other counsel he may select.
Further, La. R.S. 42:77 states that "[i]n the cases provided in R.S. 42:76(1) and 42:76(2), the action may be brought by any person demanding possession of the office against any person claiming or exercising the functions of the office."
Essentially, La. R.S. 42:76 and La. R.S. 42:77 provide that only the attorney general of the state, a district attorney of the parish in which the case arises against the offender, the governor, or a person demanding possession of the office may bring an action to challenge a public officer or employee's right to office. Jones v. Board of Ethics for Elected Officials , 97-2854 (La. App. 1 Cir. 2/20/98), 709 So.2d 841, 847, writs denied , 98-0750 (La. 5/8/98), 718 So.2d 433, 98-0782 (La. 5/8/98), 719 So.2d 51. Because Mr. Dyson does not fit into any of these categories, he does not have a right of action to contest the "right to office" of the commission members. See Jones v. Board of Ethics for Elected Officials , 709 So.2d at 847.
It is well-settled that this court has the authority to notice a party's failure to disclose a right to institute a suit. See La. Code Civ. P. art. 927(B). See also Investments 2234, LLC v. Fortune , 2015-0024 (La. App. 1 Cir. 11/6/15), 2015 WL 6838863 (unpublished); Stassi v. State , 2011-2264 (La. App. 1 Cir. 9/13/12), 102 So.3d 896, 899, writ not considered , 2012-2249 (La. 11/30/12), 103 So.3d 361. Thus, we find that Mr. Dyson has no right of action.
DECREE
For the above and foregoing reasons, the trial court's judgment is vacated and judgment is rendered sustaining the exceptions of no right of action filed by the Department of Public Safety and Corrections, Office of State Police and the Louisiana State Police Commission. Costs of this appeal are assessed to Appellant, Damien Dyson.
VACATED AND RENDERED.

The underlying facts of this case are detailed in In re Dyson , 2015-1720 (La. App. 1 Cir. 6/3/16), 196 So.3d 716.