## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0081

TD*X ASSOCIATES, LP

VERSUS

THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

Judgment Rendered: **NOV 0 9 2020**

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 679,458

The Honorable Trudy M. White, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Lawrence R. DeMarcay, III<br>Beverly Klundt Baudouin<br>New Orleans, Louisiana<br>and<br>J.D. Head, *Pro Hac Vice*<br>Austin, Texas | Attorneys for Plaintiff/Appellant,<br>TD*X Associates, LP |
| Herman J. Robinson<br>Courtney J. Burdette<br>Jill R. Carter<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee,<br>Louisiana Department of<br>Environmental Quality |

\* \* \* \* \*

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

Holdridge J. concurs

**PENZATO, J.**

Appellant, TD*X Associates, LP (TDX), filed this appeal contesting the dismissal of its petition for judicial review for lack of subject matter jurisdiction and the granting of the Louisiana Department of Environmental Quality's (LDEQ) peremptory exception raising the objections of no cause of action and no right of action. For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

TDX,[1] a Texas limited partnership, filed a petition for judicial review in the Nineteenth Judicial District Court, seeking review of LDEQ's decision to grant a Verified Reclamation Facility Conditional Exclusion and Variance (VRF Variance), rather than a hazardous waste permit, to intervenor, Thermaldyne, LLC (Thermaldyne), a limited liability company that owns and intends to operate an oil reclamation facility in Port Allen, Louisiana. Thermaldyne requested the VRF Variance from the classification of solid waste under the exclusion provided in Louisiana Administrative Code (LAC) 33:V.105.D.1.y that allows oil bearing hazardous secondary materials (OBHSM)[2] generated at petroleum refining facilities to be sent to reclamation facilities. Thermaldyne intervened in the suit to unite with the defendant, LDEQ, and requested that LDEQ's decision on the VRF Variance be upheld. Subsequently, LDEQ filed a declinatory exception raising the objection of lack of subject matter jurisdiction and a peremptory exception raising the objections of no cause of action and/or no right of action. After a trial on the exceptions, the district court orally granted the exception of lack of subject matter jurisdiction on the basis that the VRF Variance was not a permit and not a final

---

[1] TDX operates a thermal desorption unit in Texas. Thermal desorption is an environmental remediation process for capturing contaminants from certain types of waste so that the contaminants can be re-used or re-purposed.

[2] "Hazardous Secondary Material" is "a secondary material (e.g., spent material, by-product, or sludge) that, when discarded, would be identified as hazardous waste under LAC 33:V.Subpart 1." LAC 33:V.109.

2

action of LDEQ, thereby precluding judicial review of LDEQ's decision. The district court further granted LDEQ's exceptions of no cause of action and no right of action against TDX. On June 21, 2019, the district court signed a judgment granting the exceptions of lack of subject matter jurisdiction, no cause of action, and no right of action against TDX and dismissing the petition for judicial review filed by TDX.[3] TDX filed this appeal from the judgment, arguing that the district court erred in granting LDEQ's exception of lack of subject matter jurisdiction, because LDEQ's decision to issue Thermaldyne a variance in lieu of a typical hazardous waste permit is reviewable by the courts, and the district court erred in sustaining LDEQ's exceptions of no cause of action and no right of action.

## LAW AND DISCUSSION

TDX asserts that the district court has subject matter jurisdiction pursuant to La. R.S. 30:2050.21, La. R.S. 49:964, and LAC 33:V.105.E.[4] The determination of whether a district court has subject matter jurisdiction over a case is subject to *de novo* review. *Dyson v. Louisiana State Police Commission*, 2017-1357 (La. App. 1st Cir. 4/13/18), 250 So. 3d 292, 294. A district court shall have appellate jurisdiction as provided by law. La. Const. art. V, § 16(B). Judicial review by a district court of a decision of an administrative agency, such as LDEQ, is an exercise of that court's appellate jurisdiction in accordance with Article V, § 16(B). This is in contrast to the original jurisdiction granted to district courts in all civil matters by Article V, § 16(A) of the Louisiana Constitution. The grant of

---

[3] The judgment also refers to Louisiana Environmental Action Network, Inc. (LEAN), which filed its own petition seeking review of LDEQ's decision to grant a VRF Variance and a minor source air permit to Thermaldyne. The LEAN petition was assigned Docket No. 679,262 in the Nineteenth Judicial District Court. LDEQ's exceptions to the petition filed by LEAN were pending and heard in the same division of court as the exceptions at issue in this case on May 29, 2019. The appeal of the dismissal of LEAN's petition was previously decided by this court in *Louisiana Envtl. Action Network, Inc. v. Dep't of Envtl. Quality*, 2019 CA 1551 (La. 9/23/20), ___ So. 3d ___, 2020 WL 5667226.

[4] We note that, in brief, TDX refers to both LAC 33:V.105.D.4 and 33:V.105.E when discussing subject matter jurisdiction. The applicable statute is LAC 33:V.105.E.

3

original jurisdiction refers to judicial adjudications in the first instance and designates the adjudicative tribunal in which the initial adjudication is made; it does not refer to judicial review of decisions of administrative agencies. *Louisiana Envtl. Action Network v. Louisiana Dep't of Envtl. Quality*, 2011-1935 (La. App. 1st Cir. 7/25/12), 97 So. 3d 1148, 1150-51, *writ denied*, 2012-1926 (La. 11/9/12), 100 So. 3d 842 (*citing Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd.* 2001-0185 (La. 10/16/01), 797 So. 2d 656, 660; *In the Matter of American Waste and Pollution Control, Co.*, 588 So. 2d 367, 371 (La. 1991)). Therefore, for the purpose of judicial review of administrative actions, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative decisions as provided by the legislature or constitution. *Louisiana Envtl. Action Network*, 97 So. 3d at 1151 (*citing Metro Riverboat Associates*, 797 So. 2d at 660). A litigant seeking judicial review of an administrative action in a district court must establish that there is a statute which grants subject matter jurisdiction to that court. *Loop, Inc. v. Collector of Revenue*, 523 So. 2d 201, 203 (La. 1987). In addition, the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies. *Louisiana Envtl. Action Network*, 97 So. 3d at 1151 (*citing Metro Riverboat Associates*, 797 So. 2d at 660).

An objection of lack of subject matter jurisdiction is raised by a declinatory exception. La. C.C.P. art. 925(A)(6). At the hearing on the declinatory exception, evidence may be introduced to support or controvert the objection, when the grounds thereof do not appear from the petition. *See* La. C.C.P. art. 930. If no evidence is introduced, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. *Beasley v. Nezi, LLC*, 2016-1080 (La.

App. 1st Cir. 9/8/17), 227 So. 3d 308, 311. However, this rule applies only to properly-pled material allegations of fact; the court is not required to accept conclusory allegations or allegations of law as true for purposes of the exception. *Beasley*, 227 So. 3d at 312. Furthermore, attachments to any party's memoranda are not to be considered. *See Beasley*, 227 So. 3d at 312 n.1.

As no evidence was introduced at the hearing on the exceptions, this court is required to accept the properly-pled material allegations of fact contained in the petition, including the attachments thereto.[5] *See* La. C.C.P. art. 853; *Monju v. Faustermann*, 2019-0168 (La. App. 1st Cir. 10/1/19), 2019 WL 4855331, at *3 (unpublished). Several exhibits are attached to the petition herein, which are reviewable on appeal. The material allegations of the petition and attachments thereto include the following pertinent facts: (1) Thermaldyne intended to operate a facility to reclaim OBHSM and sought various permits, authorizations, and variance requests, including the VRF Variance, beginning on March 24, 2015; (2) LDEQ amended its regulations in June 2017 and August 2017 resulting in the current versions of LAC 33:V.105 and LAC 33:V.109; (3) Thermaldyne submitted the VRF Variance request on or about October 26, 2017; (4) Thermaldyne sought the VRF Variance to "receive and process [OBHSM] generated at petroleum refiners and related oil and gas operation[s]"; (5) in the VRF Variance request,

---

[5] Both TDX and LDEQ reference documents that are publicly available through LDEQ's Electronic Document Management System at https://deq.louisiana.gov/page/edms. LDEQ also references documents available on an Environmental Protection Agency website. These documents are not contained in the record on appeal. Pursuant to La. R.S. 30:2050.21(D), LDEQ is charged with the responsibility of transmitting to the reviewing court a certified copy of LDEQ's entire record within 60 days after service of the petition or within further time as allowed by the district court. Because LDEQ had filed the exceptions at issue in this appeal, LDEQ filed in the district court an unopposed motion for an extension to lodge the administrative record until after the district court hearing on those exceptions, which the district court granted. Once the hearing took place and the exceptions were granted, it does not appear that LDEQ transmitted the administrative record to the district court, as the entire administrative record is not contained in the record on appeal. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. *Trahan v. Leonard J. Chabert Medical Center*, 2019-0561 (La. App. 1st Cir. 12/27/19), 292 So. 3d 919, 921 n.3.

Thermaldyne alleged that "recovered oil will be transferred back to refineries for reinsertion into the refining process or sold as fuel in the fuel blending market"; and (6) on or about January 10, 2019, LDEQ issued the VRF Variance from classification as solid waste sought by Thermaldyne pursuant to LAC 33:V.105.D.1.y. Furthermore, the VRF Variance issued to Thermaldyne contained the conditions required by LAC 33:V.105.D.1.y for managing and reclaiming OBHSM from petroleum refining facilities to the Thermaldyne facility.

**Louisiana Revised Statutes 30:2050.21 and 49:964**

As noted earlier in this opinion, Louisiana Environmental Action Network, Inc. (LEAN), also appealed the judgment which dismissed its petition for lack of subject matter jurisdiction and no cause of action to this court. The applicability of La. R.S. 30:2050.21 and 49:964 to the same operative facts was raised and thoroughly discussed in that appeal. *Louisiana Envtl. Action Network, Inc. v. Dep't of Envtl. Quality*, 2019-1551 (La. App. 1st Cir. 9/23/20), ___ So. 3d ___, 2020 WL 5667226.

Relying upon *Louisiana Envtl. Action Network*, ___ So. 3d ___, 2020 WL 5667226, we are initially presented with the issue of whether La. R.S. 30:2050.21 grants subject matter jurisdiction to the district court under the particular facts of this case. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. *See* La. C.C.P. art. 3; *Firestone Polymers, LLC v. Louisiana Dep't of Envtl. Quality*, 2019-0283 (La. App. 1st Cir. 11/15/19), 291 So. 3d 228, 232, *writ denied*, 2020-00131 (La. 3/9/20), 294 So. 3d 482. The interpretation of any statutory provision starts with the language of the statute itself. *Firestone Polymers, LLC*, 291 So. 3d at 233.

Louisiana Revised Statutes 30:2050.21 is a component of the Louisiana Environmental Quality Act (LEQA), La. R.S. 30:2001, *et seq.* Louisiana Revised

Statutes 30:2050.21(A) provides that "[a]n aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court." It is the litigant who seeks judicial review of an administrative action in a district court who must establish that there is a statute which grants subject matter jurisdiction to that court. *Loop, Inc.*, 523 So. 2d at 203. In this case, it is TDX who seeks judicial review of LDEQ's action and must establish that there is a statute which grants subject matter jurisdiction. TDX argues that La. R.S. 30:2050.21 "exists to review LDEQ's final authoritative actions over regulated entities." We note, however, that the phrase "final authoritative actions" is not present in La. R.S. 30:2050.21. TDX also asserts that the district court erroneously accepted the argument of LDEQ that the granting of the VRF Variance was not a "permit," and therefore, was not reviewable.

Under the LEQA, LDEQ is the primary agency in the state concerned with environmental protection and regulation. La. R.S. 30:2011(A)(1). The legislature has authorized LDEQ to adopt rules and regulations relative to tracking and regulating the generation, transportation, or disposition of reusable material. La. R.S. 30:2180(A)(5). The LDEQ is also authorized to adopt rules and regulations which set forth standards applicable to persons who produce, burn for purposes of energy recovery, distribute, or market fuel containing hazardous waste. La. R.S. 30:2180(A)(8).

Pursuant to its authority, LDEQ has adopted rules and regulations regarding hazardous waste and hazardous materials in order to: (1) protect the health and well-being of the people of the state of Louisiana and prevent damage to property or to the environment by the improper management of hazardous waste; (2) provide incentives for the maximum recovery and reuse of substances in hazardous

7

waste streams that are possible through the use of the most advanced technology; (3) carefully consider the impact of the program on the economic vitality of the state and achieve a proper balance that protects the health of the citizens and the environment of the state while meeting the needs of industry; and (4) establish minimum state standards that define the acceptable management of hazardous waste. LAC 33:V.103. The scope of these rules and regulations, which are contained in Title 33, Part V of the Louisiana Administrative Code, is set forth in LAC 33:V.105, which states in pertinent part:

> These rules and regulations apply to owners and operators of all facilities that generate, transport, treat, store, or dispose of hazardous waste, except as specifically provided otherwise herein. . . . Definitions appropriate to these rules and regulations, including *solid waste* and *hazardous waste*, appear in LAC 33:V.109. Wastes that are excluded from regulation are found in this Section.

Thus, in order to be subject to the rules and regulations of Title 33, Part V, a material must be classified as a hazardous waste. A hazardous waste is defined as a solid waste (as defined therein) that meets certain criteria. LAC 33:V.109. Solid waste is defined as "any discarded material that is not excluded by LAC 33:V.105.D.1 or that is not excluded by a variance or non-waste determination granted under LAC 33:V.105.K or O." LAC 33:V.109.

Pursuant to its authority to regulate hazardous waste, LDEQ also promulgated LAC 33:V.105.O, pertaining to variances from the classification of solid waste. A variance is defined by La. R.S. 30:2004(17) as "a special authorization granted to a person for a limited period of time which allows that person a specified date for compliance with a requirement pursuant to the provisions of [the LEQA]." Louisiana Administrative Code 33:V.105.O.2.d. authorizes LDEQ to designate a third-party reclaimer as a verified reclamation facility, thereby allowing the facility to receive OBHSM from petroleum refineries pursuant to the variance provided for in LAC 33:V.105.D.1.y.

8

Pursuant to LAC 33:V.105.O.1.f and 33:V.105.O.2.d, material that is reclaimed is not a solid waste. If a material does not meet the definition of a solid waste it is not considered a hazardous waste. Under the VRF Variance, Thermaldyne plans to reclaim crude oil from the OBHSM and returns the recovered oil to the refineries to be placed back in the refining process. OBHSM is excluded from the definition of solid waste pursuant to LAC 33:V.105.D.1.y. As previously noted herein, the criteria specified in LAC 33:V.105.D.1.y.i-vii is included as a condition of the VRF Variance approval document.

The plain language of La. R.S. 30:2050.21(A) permits an "aggrieved person" to appeal "a final permit action, a final enforcement action, or a declaratory ruling[.]" TDX does not argue that LDEQ's action constitutes a final enforcement action or a declaratory ruling, but that the granting of the VRF Variance by LDEQ is a final permit action. A "permit" under the Hazardous Waste Regulations is defined as "the permit issued by the state of Louisiana to a facility to treat, store, and/or dispose of hazardous waste under the conditions specified in the permit and the conditions required by the Act and these regulations." LAC 33:V.109. No permit to treat, store, and/or dispose of hazardous waste is required for a party who obtains a VRF Variance, since the hazardous secondary material transported to the facility under the VRF Variance is specifically excluded from classification as a hazardous waste by the regulations. LAC 33:V.105. TDX has not shown that the issuance of the VRF Variance was a final permit action pursuant to La. R.S. 30:2050.21(A). Therefore, subject matter jurisdiction was not conferred on the district court pursuant to this statute. *See Louisiana Envtl. Action Network*, ___ So. 3d at ____, 2020 WL 5667226, at *4.

TDX also asserts that the district court was conferred subject matter jurisdiction by the Administrative Procedure Act (APA), La. R.S. 49:950, *et seq.*,

9

specifically, La. R.S. 49:964(A)(1). Louisiana Revised Statutes 49:964 provides, in pertinent part, "a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter[.]"

The APA enunciates general procedural rules for administrative agencies while La. R.S. 30:2050.21 sets forth special procedural rules for aggrieved persons to appeal LDEQ actions. The APA "was not intended to supersede the specific provisions of other administrative acts, or to supersede the rights and remedies created under those acts. Instead, it was intended to create procedures in those instances where none existed." *In the Matter of American Waste & Pollution Control Co.*, 93-3163 (La. 9/15/94), 642 So. 2d 1258, 1264 (*quoting Corbello v. Sutton*, 446 So. 2d 301, 303 (La. 1984)); *see Loop, Inc.*, 523 So. 2d at 203; *Louisiana Envtl. Action Network*, 97 So. 3d at 1151 (*quoting Metro Riverboat Associates*, 797 So. 2d at 660). "When two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general." *American Waste*, 642 So. 2d at 1264-65 (*citing Smith v. Cajun Insulation, Inc.*, 392 So. 2d 398, 402 (La. 1980)). Thus, the specific statutory procedure for judicial review provided in the LEQA is more specific and applies over the general appeal procedures in the APA.

Furthermore, as this court noted in *Louisiana Envtl. Action Network*, ___ So. 3d at ___, 2020 WL 5667226, at *4, La. R.S. 49:964 provides for judicial review of a final decision or order in an "adjudicatory proceeding," which did not occur herein. The regulations concerning the issuance of a VRF variance do not require a hearing, although one may be granted at the agency's discretion. LAC 33:V.105.K.2.b. Therefore, as there has not been a final decision or order issued in an adjudicatory proceeding herein, judicial review pursuant to La. R.S. 49:964 is

10

not applicable and this statute does not confer subject matter jurisdiction on the district court.[6]

**Louisiana Administrative Code 33:V.105.E**

TDX's final argument regarding subject matter jurisdiction is based on LAC 33:V.105.E, which states that "[a]ny person has the right to file a lawsuit to reverse any act or failure to act by the administrative authority pursuant to these regulations or the act[7] in accordance with the provisions of the Administrative Procedure Act ([La.] R.S. 49:951 *et seq.*) or any other applicable provision of law."

As stated previously herein, district courts are courts of limited jurisdiction with regard to judicial review of administrative actions and only have appellate jurisdiction to review administrative decisions as provided by the legislature or constitution. *Louisiana Envtl. Action Network*, 97 So. 3d at 1151. Louisiana Administrative Code 33:V.105.E merely acknowledges a right to file a lawsuit in accordance with the APA or any other applicable provision of law. We have examined La. R.S. 30:2050.21 and La. R.S. 49:964, finding neither to confer subject matter jurisdiction on the district court herein. TDX has identified no other provision of law applicable. Therefore, TDX has not carried its burden of establishing that there is a statute which grants subject matter jurisdiction to the

---

[6] TDX relies on *American Waste*, 642 So. 2d 1258 and *In the Matter of Marine Shale Processors, Inc.*, 563 So. 2d 278 (La. 1990), both of which interpret La. R.S. 30:2024(C), to support its argument that the APA applies in this matter. However, we note that both of these cases were decided prior to 1995 La. Acts, No. 947, § 2, effective January 1, 1996, which substantially altered the LEQA, especially La. R.S. 30:2024. Both parties make reference to La. R.S. 30:2024(C). However, we note that La. R.S. 30:2050.21, pertaining to judicial review of permit actions, and La. R.S. 30:2024, regarding finality of permit actions, are separate and distinct provisions setting forth different procedures for review. This court has previously ruled that La. R.S. 30:2024 pertains exclusively to permit **applicants** and has no bearing on the appellate review provisions afforded to other "aggrieved persons" under La. R.S. 30:2050.21. *Citizens Against Multi-Chem v. Louisiana Dep't of Envtl. Quality*, 2013-1416 (La. App. 1st Cir. 5/22/14), 145 So. 3d 471, 475 n.4, *writ denied*, 2014-1464 (La. 10/10/14), 151 So. 3d 586. Because TDX is not a permit **applicant**, La. R.S. 30:2024 is not applicable to this case. Therefore, both *American Waste* and *Marine Shale Processors*, which interpreted the language of the LEQA at the time, are inapplicable to the present matter.

[7] "Act" is defined by LAC 33:V.109 as "the Louisiana Environmental Quality Act, R.S. 30:2001, *et seq.*"

district court. We agree that the district court did not have subject matter jurisdiction in this matter. Furthermore, because we agree with the district court that it has no subject matter jurisdiction over TDX's petition for judicial review, we pretermit any discussion of LDEQ's arguments regarding TDX's alleged failure to state a cause of action and failure to state a right of action. *See Citizens Against Multi-Chem*, 145 So. 3d at 477 n.6.

## CONCLUSION

For the above and foregoing reasons, we affirm the June 21, 2019 judgment granting the declinatory exception raising the objection of subject matter jurisdiction and dismissing the petition of TD*X Associates, LP. All costs of this appeal are assessed to TD*X Associates, LP.

**AFFIRMED.**