STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1305

CHARLOTTE MCDANIEL

VERSUS

ARTRO OLMOS AND YVETTE MCGEHEE OLMOS

**Judgment Rendered: SEP 0 6 2024**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C695183

Honorable Wilson E. Fields, Judge Presiding

* * * * * *

| | |
|---|---|
| Charlotte C. McDaniel<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>In Proper Person |
| Dean M. Esposito<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Yvette McGehee Olmos |
| Robert N. Aguiluz<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Arturo Olmos and Yvette McGehee<br>Olmos |

* * * * * *

BEFORE: GUIDRY, C.J., WOLFE, AND STROMBERG, JJ.

Wolfe, J. Concurs.

**GUIDRY, C.J.**

The plaintiff appeals the trial court's judgment sustaining the defendant's exception raising the objection of lack of subject matter jurisdiction and dismissing the plaintiff's claims. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

The instant matter arises from a petition for declaratory judgment, temporary restraining order, and preliminary injunction filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge by plaintiff Charlotte McDaniel against Arturo Olmos[1] and Yvette McGehee Olmos. In her petition, Ms. McDaniel sought a judgment declaring that community property be returned to her possession. Ms. McDaniel further sought an order enjoining the Olmoses from secreting the property.

In response to the petition, Ms. Olmos filed exceptions including an exception of lack of subject matter jurisdiction.[2] Ms. Olmos claimed that a state court in Colorado retained jurisdiction over the community property regime existing between Ms. McDaniel and Ms. McDaniel's former spouse, Troy McGehee. Ms. Olmos further asserted, in the alternative, that either the Twenty-Third Judicial District Court in Ascension Parish or the Family Court for the Parish of East Baton Rouge maintained jurisdiction over the matter.[3]

Following a hearing on the exceptions, the trial court sustained the exception of lack of subject matter jurisdiction. A judgment in conformity with the trial court's ruling was signed on May 19, 2020, and Ms. McDaniel appealed. This court dismissed the appeal citing lack of decretal language in the judgment. Thereafter,

---

[1] Auturo Olmos' name also appears in the record as Artro Olmos.

[2] For brevity, we refer to the exception raising the objection of lack of subject matter jurisdiction as an exception of lack of subject matter jurisdiction, which effective August 1, 2023, was deleted from the objections raised by declinatory exception and added as an objection that is raised by peremptory exception under La. C.C.P. art. 927. See La. C.C.P. art. 925, Official Revision Comments - 2023.

[3] Ms. Olmos, the sister of Troy McGehee, claimed that Ms. McDaniel filed a petition for divorce and division of community property in the Twenty-Third Judicial District Court.

on August 23, 2023, the trial court signed a judgment sustaining the exception of lack of subject matter jurisdiction and dismissing the petition.[4] Ms. McDaniel now appeals, assigning the following as error.

## ASSIGNMENTS OF ERROR

1. The trial court erred in granting the exception of subject matter jurisdiction filed by Yvette McGehee Olmos finding the District Court lacked subject matter jurisdiction to order the return of movable property within the jurisdiction of the District Court, belonging to the Plaintiff in the possession of the Defendant.

2. The trial court erred in denying the *Motion for New Trial* based on fraud or ill-practice as the original claims that the property in [the] McGehee-Olmos shed was community property [are] untrue where Troy McGehee failed to claim any of the property in his sister's shed in the Colorado proceedings in the JOINT PROPERTY SPREADSHEET as property to be divided in Colorado.

3. The trial court erred in finding subject matter jurisdiction lacking where Plaintiff amended her Petition prior to an answer to assert new causes of action that cure any exceptions of subject matter jurisdiction.

## DISCUSSION

We find merit in Ms. McDaniel's contention that the trial court erred in sustaining the exception of lack of subject matter jurisdiction. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; it cannot be waived or conferred by consent of the parties.[5] See La. C.C.P. art. 3; Firestone Polymers, LLC v. Louisiana Department of Environmental Quality, 19-0283, p. 4

---

[4] In reviewing the provisions of the original judgment alongside the provisions of the amended judgment, we find the addition of a defendant's name—Arturo Olmos, a substantive amendment to the judgment, seemingly without use of any of the proper procedural avenues in which to make such a change. We do not address this issue herein, however, given our decision that the petition be considered.

[5] The district court's determination of whether it has subject matter jurisdiction over a case is subject to *de novo* review. Louisiana Environmental Action Network, Inc. v. Louisiana Department of Environmental Quality, 19-1551, p. 8 (La. App. 1st Cir. 9/23/20), 314 So. 3d 841, 848.

3

(La. App. 1st Cir. 11/15/19), 291 So. 3d 228, 232, <u>writ denied</u>, 20-00131 (La. 3/9/20), 294 So. 3d 482. Generally, a district court shall have original jurisdiction over all civil and criminal matters and shall have appellate jurisdiction as provided by law. La. Const. art. 5, § 16.

In the instant case, while Ms. McDaniel asserts her ownership interest in the subject property through her former marriage, Ms. McDaniel does not name her former spouse as a party to this litigation. Neither does Ms. McDaniel seek partition of the property or settlement of a claim arising from the matrimonial regime. Rather, according to the petition,[6] Ms. McDaniel seeks a judgment against a "third-party," the Olmoses, declaring that certain property located at the Olmos residence belongs to her and her ex-husband. Ms. McDaniel states in the petition that she and her former husband stored the property at the home of the Olmoses. Ms. McDaniel further requests that a temporary restraining order and preliminary injunction issue to the Olmoses to "immediately turn over or release the property to Ms. McDaniel ... so that Ms. McDaniel can enjoy the benefits of the property until after partition."

Where Ms. McDaniel seeks the return of movable, community property, in which she has a one-half ownership interest, from a third-party, allegedly with no such interest, we conclude the trial court has subject matter jurisdiction. We note, as to this litigation, that nothing in the record evidences a pending or ongoing proceeding in any other district or state court, which would divest the Nineteenth Judicial District Court of its subject matter jurisdiction. Ms. McDaniel has a right to pursue her claims and demand the return of property belonging to her and/or her and her ex-husband. We find that the trial court erred in finding a lack of subject

---

[6] Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. If, as in the present case, no evidence is introduced, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. <u>Beasley v. Nezi, LLC</u>, 16-1080, p. 4 (La. App. 1st Cir. 9/8/17), 227 So. 3d 308, 311.

matter jurisdiction.[7] Given our decision, we pretermit discussion of the remaining assignments of error.

## CONCLUSION

For the above and foregoing reasons, the August 23, 2023 judgment dismissing Charlotte McDaniel's petition is reversed and this matter is remanded for further proceedings. All costs of this appeal are assessed to the appellees, Arturo Olmos and Yvette McGehee Olmos.

**REVERSED AND REMANDED.**

---

[7] We do not opine on the merits of Ms. McDaniel's claims.